UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-22318-GAYLES/Turnoff

ANA MARIA VILLAVERDE,

    Plaintiff,

vs.

MIAMI BEACH COMMUNITY HEALTH
CENTER, INC., a Florida corporation,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff's Memorandum in Support of Motion to Remand ("Motion") [ECF No. 7]. The Court has reviewed the Motion, Defendant's Response in Opposition to Plaintiff's Motion to Remand and Provisional Request for Attorney Fees and Costs [ECF No. 11], Plaintiff's Reply [ECF No. 12], and the record. For the reasons stated below, the Motion is granted.

## I.  BACKGROUND

Plaintiff Ana Maria Villaverde ("Villaverde") initiated this action by filing a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on March 29, 2016. [ECF No. 1-1]. In her Complaint, Villaverde asserted federal claims pursuant to the Age Discrimination in Employment Act ("ADEA") and state claims pursuant to the Florida Civil Rights Act ("FCRA"). Defendant Miami Beach Community Health Center, Inc. ("MBCHC"), was served with a copy of the Complaint on June 1, 2016. [ECF No. 1 at ¶ 1]. MBCHC timely removed the action on June 20, 2016, pursuant to 28 U.S.C. § 1441, *et seq.*

MBCHC filed its Answer and Affirmative Defenses [ECF No. 5] on June 27, 2016. Villaverde, in turn, filed her First Amended Complaint [ECF No. 6] on June 30, 2016, in which she removed any allegations under the ADEA and only retained allegations under the FCRA. Plaintiff simultaneously filed the instant Motion seeking remand to Florida state court.

## II.    LEGAL STANDARD

"The doctrine of supplemental jurisdiction . . . permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy and procedural convenience." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348–49 (1988)). Supplemental jurisdiction "grants federal courts the power to exercise jurisdiction over claims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Id.* at 531 (quoting 28 U.S.C. § 1367(a)). "The district court[] may decline to exercise supplemental jurisdiction over a claim under [supplemental jurisdiction] if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This provision "is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

## III.   ANALYSIS

Villaverde's First Amended Complaint [ECF No. 6] no longer contains any claims subject to this Court's original jurisdiction. Villaverde filed her First Amended Complaint three days after MBCHC filed its Answer. Under Federal Rule 15, a party may amend its pleading once as a matter of course within 21 days after service of an answer. See Fed. R. Civ. P. 15(a)(1)(B). Plaintiff was well within her right under the Federal Rules to amend her Complaint

accordingly.

The Eleventh Circuit has stated a policy in favor of dismissing state law claims under these same circumstances. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." (citations omitted)). "Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). MBCHC urges the court to retain jurisdiction over the action because it was properly removed at the time of removal and because the Court has the "discretion to decide the factual and legal questions" of Villaverde's "stripped-down First Amended Complaint." *See* [ECF No. 11 at 1–2]. The Ninth Circuit has opined on precisely this point:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

*Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995); *see also Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 603 (D. Md. 2008) ("[I]t is not bad faith for a plaintiff to bring both State

and federal claims in State court and then, upon removal, seek dismissal of the federal claims and remand to State court. Such a remand is the risk that a removing defendant takes."). *But see Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) ("Although there is older authority to the contrary, the majority view is that a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal jurisdiction."); *Barondes v. Wolfe*, — F. Supp. 3d —, 2016 WL 1733482, at *3 (W.D. Mo. May 2, 2016) ("The Court holds that dismissing all federal claims after removal to force remand is not a legitimate tactical decision; it is forum-shopping.").

Here, the Court declines to exercise its discretion to retain jurisdiction over Villaverde's FCRA claims and finds that remand to Florida state court is appropriate. The Court also declines to grant MBCHC's request for attorney fees and costs in this matter. Courts have consistently held that an award of costs under these circumstances is not warranted. *See, e.g.*, *Baddie*, 64 F.3d at 489 ("We hold that plaintiffs' decision to plead both state and federal claims in state court and to dismiss the federal claims after removal was not conduct for which section 1447(c) authorizes the award of fees."); *Ramotnik*, 568 F. Supp. 2d at 603 (denying request for fees where plaintiff promptly amended his complaint after defendant's removal to delete the basis for federal jurisdiction). Additionally, given the fact that "an award of fees under § 1447(c) is left to the district court's discretion," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005), the Court finds no basis for an award of fees in this case. Villaverde filed her Motion to Remand three days after MBCHC filed its Answer and ten days after the action was removed to this Court. The Court cannot find any evidence of undue delay, gamesmanship, or bad faith on the part of Villaverde. *Cf. Neal v. Scapa N. Am.*, No. CIV.3:09CV1171(JBA), 2010 WL 1882310, at *4 (D. Conn. May 11, 2010) ("Nothing about the procedural history of this case suggests bad

4

faith.").

**IV.    CONCLUSION**

It is accordingly

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion to Remand [**ECF No. 7**] is **GRANTED.**

2. The action is **REMANDED** to the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

3. Defendant's Provisional Request for Attorney Fees and Costs **[ECF No. 11]** is **DENIED**.

4. This case is **CLOSED** for administrative purposes, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of September, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Turnoff
       All Counsel of Record

5